# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON L. BROWN,** *Plaintiff*, | : : : | **CIVIL ACTION** |
| v. | : : | |
| **CITY OF PHILADELPHIA OFFICE OF HUMAN RESOURCES,** *Defendant*. | : : : | **NO. 17-5410** |

## MEMORANDUM OPINION

**QUIÑONES ALEJANDRO, J.**                                                                       **JANUARY 4, 2018**

On December 1, 2017, the Court received *pro se* Plaintiff Jason L. Brown's Complaint and motion to proceed *in forma pauperis*. By Order entered on December 6, 2017, the Court granted Mr. Brown leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and provided leave to amend.

On January 2, 2018, the Court received a "Motion for Relief Pursuant Federal Rule 8 of Civil Procedure" ("Motion for Relief," ECF No. 4) and a "Motion for Special Appointment to Serve Summons on Defendant Party Pursuant Federal Rule 4(b)(c)(1)(2)(3) of Civil Procedure" ("Motion to Serve," ECF No. 5). Throughout his Motion for Relief, Mr. Brown refers to the document as his amended complaint. Accordingly, to the extent Mr. Brown seeks leave to file an amended complaint, his Motion for Relief will be granted, and the Court will refer to the document as Mr. Brown's Amended Complaint. For the following reasons, the Court will dismiss the Amended Complaint and provide Mr. Brown one final opportunity to amend.

1

## I. FACTS

In his Amended Complaint, Mr. Brown alleges that Defendant "is responsible [for] [r]unning an illegal program and exclusively practicing fraud in their scope of duties relating to job recruitment." (Am. Compl. at 2.) He contends that his "personal property" has been the subject of Defendant's "abusive behavior that is consistent with fraud, which is causing emotional distress in [his] life and also invading [his] privacy by the defendant inflicting eminent domain." (*Id.*)

It appears that Mr. Brown is upset about how Defendant manages its online job application system. According to Mr. Brown, Defendant has tampered with his personal profile because "someone from the defendant party has researched [his] job search back to a particular test that was taken in the year of 2015 for a position titled 'Water Operations Repair Helper.'" (*Id.* at 3.) He alleges that "[his] private property including disclosed information such [as] name, address, date of birth, phone number and social security number [have] been accessed by the defendant frivolously and without [his] authorization which has put a halt on [his] opportunities of employment which is equivalent to stopping [his] life." (*Id.* at 4.) Mr. Brown vaguely suggests that Defendant's actions have violated the Fifth and Tenth Amendments (*id.* at 2, 4), as well as 18 U.S.C. §§ 1029-1030. (*Id.*, Exs. A-3 & A-4.) As relief, Mr. Brown seeks damages as well as "an injunction that the defendant be ordered [to] revise its program for the public to not be abused, such as non-communication after 1 year with individuals who have passed test for employment opportunities." (*Id.* at 5-6.)

## II. STANDARD OF REVIEW

Because the Court previously granted Mr. Brown leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to his Amended Complaint. This statute requires the Court to

2

dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

It is difficult for the Court to discern the precise basis for Mr. Brown's claims against Defendant based on the manner in which the Amended Complaint is pled. As noted above, it appears that Mr. Brown is upset about the way Defendant manages its online job application system. He alleges that Defendant's actions have violated his rights under the Fifth and Tenth Amendments, as well as 18 U.S.C. §§ 1029-1030. Criminal statutes, however, do not provide a

3

basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Dinsdale v. Ad TelAmerica Inc.*, No. 3:14-CV-3427-B, 2015 WL 1757473, at *3 (N.D. Tex. Apr. 17, 2015) (plaintiff conceding that he could not maintain a civil case of action based upon 18 U.S.C. § 1029). Moreover, while 18 U.S.C. § 1030(g) provides for a civil cause of action, Mr. Brown's Amended Complaint fails to allege any facts plausibly suggesting that Defendant's actions caused any of the losses or injuries set forth in 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V). *See* 18 U.S.C. § 1030(g) (noting that a civil action "may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)"). Furthermore, while Mr. Brown raises many conclusory allegations, it is not clear from the Amended Complaint how he was harmed in a manner that gives rise to an actionable claim, or how Mr. Brown's Fifth and Tenth Amendment rights were violated. Accordingly, the Court will dismiss the Amended Complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

In deference to Mr. Brown's *pro se* status, the Court will give him leave to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that he can state a plausible claim that lies within this Court's jurisdiction. Any second amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail what rights Mr. Brown believes were violated and how each defendant was responsible for violating those rights. Mr. Brown is advised that if he fails to file a second amended complaint, his case may be dismissed for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Brown's Motion for Relief to the extent it seeks leave to file an amended complaint. The Court will dismiss Mr. Brown's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to Mr. Brown's right to file a second amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mr. Brown's Motion to Serve will be denied at this time. An appropriate order follows, which shall be docketed separately.