IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JASON L. BROWN, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| OFFICE OF HUMAN RESOURCES, | : | NO. 17-5410 |
| CITY OF PHILADELPHIA OFFICE OF | : | |
| INNOVATION AND TECHNOLOGY, | : | |
| *Defendants*. | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                               JANUARY 24, 2018

On December 1, 2017, the Court received a complaint and motion to proceed *in forma pauperis* filed by *pro se* Plaintiff Jason L. Brown. By Order entered on December 6, 2017, this Court granted Mr. Brown leave to proceed *in forma pauperis*, dismissed the complaint, without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and allowed leave to amend.

On January 2, 2018, the Court received a "Motion for Relief Pursuant Federal Rule 8 of Civil Procedure" ("Motion for Relief," ECF No. 4) and a "Motion for Special Appointment to Serve Summons on Defendant Party Pursuant Federal Rule 4(b)(c)(1)(2)(3) of Civil Procedure" ("Motion to Serve," ECF No. 5). Throughout his Motion for Relief, Mr. Brown referred to the document as his amended complaint. By Memorandum and Order entered on January 4, 2018, this Court granted the Motion for Relief to the extent Mr. Brown sought leave to file an amended complaint, referred to the document as Mr. Brown's Amended Complaint, dismissed the

1

Amended Complaint, and provided Mr. Brown one final opportunity to amend. *Brown v. City of Phila.*, No. 17-5410, 2018 WL 327168, at *2 (E.D. Pa. Jan. 4, 2018).

On January 22, 2018, this Court received Mr. Brown's Second Amended Complaint against the City of Philadelphia Office of Human Resources and the City of Philadelphia Office of Innovation and Technology (ECF No. 9), as well as a Motion to Add Defendant and a second motion to proceed *in forma pauperis* (ECF Nos. 8, 10). By Order entered on January 23, 2018, the Court denied Mr. Brown's Motion to Add Defendant as unnecessary. (ECF No. 11.) For the following reasons, Mr. Brown's Second Amended Complaint is dismissed and his second motion to proceed *in forma pauperis* is denied.

## I.   FACTS

In his Second Amended Complaint, Mr. Brown alleges that on November 20, 2017, he was "assaulted and intentionally slandered through computer by the (2) defendants of this claim." (Second Am. Compl. at 3.) He claims that his "private property was taken for public use without [his] consent." (*Id.*) Mr. Brown further contends that Defendants "planted information and intelligence in a personal atmosphere, such as a job application portal of the plaintiff intentionally to cause reckless damage and loss." (*Id.*) Further, he vaguely suggests that Defendants' actions have violated his rights under the Fifth Amendment as well as under 18 U.S.C. § 1030(g). (*Id.* at 2.)

## II.   STANDARD OF REVIEW

Because this Court previously granted Mr. Brown leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to his Second Amended Complaint. This statute requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Mr. Brown is proceeding *pro se*, this Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Further, Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

It is again difficult for this Court to discern the precise basis for Mr. Brown's claims against Defendants based on the manner in which the Second Amended Complaint is pled. It appears that Mr. Brown is upset about the way Defendants manage their online job application system. It is not clear from the Second Amended Complaint, however, how Mr. Brown's Fifth Amendment rights were violated.[1] Moreover, while 18 U.S.C. § 1030(g) provides for a civil

---

[1] Mr. Brown does not assert which clause of the Fifth Amendment he believes Defendants violated. If he is asserting a Fifth Amendment due process claim, his claim fails because the Fifth Amendment applies to actions of the federal government, not state actions. *See Citizens for*

cause of action, Mr. Brown's Second Amended Complaint again fails to allege any facts plausibly suggesting that Defendant's actions caused any of the losses or injuries set forth in 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V). *See* 18 U.S.C. § 1030(g) (noting that a civil action "may be brought only if the conduct involves 1 of the factors set forth in sub-clauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)"). Accordingly, the Second Amended Complaint is dismissed pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, Mr. Brown's Second Amended Complaint is dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8. Mr. Brown will not be permitted to file a third amended complaint, as any such amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mr. Brown's second motion to proceed *in forma pauperis* is denied, as unnecessary. An appropriate Order follows, which shall be docketed separately.

*Nitza I. Quiñones Alejandro, USDC, J.*

---

*Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005). If he is asserting a claim under the Takings Clause, which provides that "private property [shall not] be taken for public use, without just compensation," nothing in the Second Amended Complaint alleges that Defendants took any of Mr. Brown's private property for public use without compensating him.